**Joseph Santino PASS**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 8, 2002.
Decided May 3, 2002.
Reargument Denied July 1, 2002.
Publication Ordered Aug. 23, 2002.

---

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Joseph J. Pass, Pittsburgh, for appellee.

BEFORE: PELLEGRINI, J., COHN, J., and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

■ The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department) appeals from the April 19, 2001 order of the Court of Common Pleas of Allegheny County (trial court) that sustained the statutory appeal of Joseph Santino Pass (Licensee) from a one-year suspension of his operating privilege for failure to submit to chemical testing pursuant to Section 1547(b)(1) of the Vehicle Code (Code) (commonly referred to as the Implied Consent Law) [1] and denied the Department's motion for a change of venue. We vacate the trial court's order on the merits, reverse it as to venue and remand the matter for further proceedings.[2]

On November 4, 2000, Officer Gregory Koehle of the State College Police Department (Centre County) observed Licensee make a wide turn, strike a curb, and fail to use his turn signal when changing lanes. Officer Koehle initiated a traffic stop and upon doing so, observed that Licensee's eyes were watery and blood shot and that

---

1. 75 Pa.C.S. § 1547(b)(1), which provides that:

> [i]f any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the [D]epartment shall

suspend the operating privilege of the person for a period of 12 months.

2. On appeal, we are limited to determining whether constitutional rights were violated, an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. *Cerando v. Department of Transportation, Bureau of Driver Licensing,* 725 A.2d 1271 (Pa.Cmwlth.1999).

he had a strong odor of alcoholic beverage on his breath. After Licensee admitted that he had been at a bar, Officer Koehle proceeded to perform three field sobriety tests on Licensee and preliminary breath tests.[3] Officer Koehle then placed Licensee under arrest for driving under the influence (DUI).

En route to Centre Community Hospital, Officer Koehle explained to Licensee that he was being transported to the hospital for the purpose of blood testing. Although Officer Koehle attempted to explain the Implied Consent Law to Licensee, the parties agreed that Officer Koehle would wait until they reached the hospital before proceeding.

At the hospital, Officer Koehle presented Licensee with Department form DL–26 and asked him to sign it whereby he would acknowledge that he had been informed of the Implied Consent Law and the consequences of failing to submit to chemical testing. In the hospital lab, Officer Koehle also presented Licensee with a hospital consent form for the purpose of drawing blood.

Upon Officer Koehle presenting both the DL–26 form and hospital consent form to Licensee, Licensee responded that he would not sign anything that he did not understand. Each time that Officer Koehle requested that Licensee submit to chemical testing, the request was accompanied by the requirement that Licensee sign the DL–26 form and/or the hospital consent form. After some time had lapsed, Officer Koehle noted that Licensee failed to submit to chemical testing.

By official notice dated December 11, 2000, the Department informed Licensee that his operating privilege was being suspended for a period of one year pursuant to Section 1547(b)(1) of the Code as a result of his failure to submit to chemical testing on November 4, 2000. Licensee thereafter filed an appeal with the trial court on December 27, 2000.

On March 16, 2001, the Department filed a motion for a change of venue with the trial court, seeking to have Licensee's appeal hearing transferred from Allegheny County (Licensee's home county) to Centre County (the county where the Code violation took place). After argument on the matter, the trial court denied the Department's motion,[4] and a *de novo* hearing on Licensee's statutory appeal was held on April 19, 2001 in Allegheny County.

Based upon the testimony provided, the trial court concluded that the Department failed to sustain its burden of proof. Specifically, the trial court stated:

In the case at bar[, Licensee's] refusal to sign the two forms was inseparable from the refusal to submit [to blood testing]. Each time the request was made to submit [to] blood [testing, it was] coupled with and conditioned on [Licensee] also signing either the [Department] consent form or the hospital consent form. There is no way to separate the refusal to submit [to] blood [testing] from the refusal to sign the forms. It is therefore concluded [that the Department] failed to carry the burden of proving that [Licensee] had refused to submit to the chemical test as opposed to merely refusing the chemical test because it was conditioned on the

---

3. The trial court found that Licensee performed three preliminary breath tests and that his blood-alcohol content registered .06, .07 and .12. (Trial court opinion at 2)

4. The Department filed a motion for reconsideration on April 12, 2001, which was also denied.

additional requirement of signing the forms.

(Trial court opinion at 4)

■ In its first argument, the Department maintains that the trial court erred in denying its motion for a change of venue. We agree.[5]

Section 1550 of the Code[6] provides that any person whose operating privilege has been suspended by the Department has the right to appeal to the court vested with jurisdiction of such appeals pursuant to the Judicial Code.[7] Section 933(a)(1)(ii) of the Judicial Code[8] vests the court of common pleas with jurisdiction over determinations made by the Department appealable under Section 1550 of the Code. Therefore, Allegheny County had subject-matter jurisdiction over Licensee's appeal. *See generally Commonwealth v. McPhail*, 547 Pa. 519, 692 A.2d 139 (1997) (Section 931(a) of Judicial Code[9] vested the Court of Common Pleas of Washington County with jurisdiction over all charges stemming from a single episode of criminal activity committed in two counties).

However, Section 933(a)(1)(ii) of the Judicial Code further provides that

venue *shall* be in ... *the county where the arrest for a violation of 75 Pa.C.S. § 3731 (relating to driving under the influence of alcohol or controlled substance) was made in appeals involving the suspension of operating privileges under 75 Pa.C.S. § 1547 (relating to chemical testing to determine amount of alcohol or controlled substance)* or the residence of any individual appellant where the venue is not otherwise fixed by this sentence.... (Emphasis added.)

■ Whether a particular provision of a statute is mandatory or discretionary does not depend on the form, but on the legislative intent to be ascertained after considering the statute in its entirety, its nature and object and the consequences that would result from construing it one

---

**5.** In its brief to this Court, the Department presents a lengthy discussion of whether the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. Nos. 1–4025, apply to this case. It concludes that they do not, and we agree.

The Department's argument is in response to Licensee's contention before the trial court that the Rules of Civil Procedure govern the instant matter. Specifically, Licensee argued *that the Department failed to properly raise the issue of venue by way of preliminary objection. See* Pa. R.C.P. No. 1028. Our Supreme Court has specifically held, however, that the Rules of Civil Procedure do not apply to statutory appeals. *See In re Appeal of Churchill*, 525 Pa. 80, 575 A.2d 550 (1990). Local courts are free to adopt their own rules governing the practice of statutory appeals as long as they are not contrary to the laws of this Commonwealth. *Id.*

Our review of the Local Rules of the Summary Appeals Branch of the Court of Common Pleas of Allegheny County (Local Rules) reveals that Allegheny County has adopted thirteen rules addressing the practice of statutory appeals, and that none provide that the Rules of Civil Procedure are applicable to

statutory appeals. The only reference to the Rules of Civil Procedure in Allegheny County's Local Rules appears in Local Rule 1B, which provides that appeals from summary determinations shall be filed in the office of the Prothonotary in accordance with the Rules of Civil Procedure. Indeed, Allegheny County Local Rule 6, titled "Motions," provides that all motions are to be presented to the motions judge on Mondays and at 8:30 a.m. Likewise, Local Rule 8 provides for reconsideration of motions. There is no specific local rule addressing motions for change of venue. Accordingly, we conclude that because the Rules of Civil Procedure are not applicable to statutory appeals and because Allegheny County does not have a local rule governing such motions, the Department proceeded properly before the trial court.

**6.** 75 Pa.C.S. § 1550.

**7.** 42 Pa.C.S. §§ 101–9781.

**8.** 42 Pa.C.S. § 933(a)(1)(ii).

**9.** 42 Pa.C.S. § 931(a).

way or another. *Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia,* 789 A.2d 858 (Pa.Cmwlth.2002). "If the thing directed to be done is the essence of the thing required, then the statute is mandatory. If, however, the statute directs that certain proceedings be done in a certain manner or time, then it is directory. Failure to follow a mandatory statute renders the proceedings void, whereas the failure to follow a directory statute does not." *Id.* at 9 n. 3 (citations omitted).

Section 1903(a) of the Statutory Construction Act of 1972 [10] provides that words and phrases are to be construed according to the rules of grammar and according to their common and approved usage. *P.R. v. Pennsylvania Department of Public Welfare,* 759 A.2d 434 (Pa.Cmwlth.2000), *appeal granted,* 564 Pa. 504, 769 A.2d 1116 (2001). The courts of this Commonwealth have repeatedly interpreted the term "shall" to be mandatory. *Oberneder v. Link Computer Corp.,* 548 Pa. 201, 696 A.2d 148 (1997).

Additionally, the General Assembly amended Section 933(a)(1) of the Judicial Code in 1998 to specifically provide that appeals from license suspensions resulting from failure to submit to chemical testing under Section 1547 of the Code be heard in the county where the DUI arrest occurred. *See* Act of June 6, 1998, P.L. 451. Prior to 1998, Section 933(a)(1)(ii) only provided that such appeals were to be heard in the county where the offense giving rise to the recall, cancellation, suspension or revocation of operating privileges occurred. There was no specific language regarding arrests for DUI. Quite obviously then, the General Assembly determined that it need-ed to clarify that where an appeal was taken from a suspension for failure to comply with Section 1547 of the Code, venue was only proper in the county where the DUI arrest occurred.[11]

■ Thus, we are convinced that the General Assembly's amendment to Section 933(a)(1) of the Judicial Code to include the term "shall" in reference to license suspension appeals involving Sections 1547 and 3731 of the Code mandates that proper venue rests *only* in the county where the DUI arrest occurred. In the case *sub judice,* Licensee's arrest for DUI occurred in Centre County and, therefore, the trial court should not have entertained Licensee's appeal.

Accordingly, we vacate the trial court's order on the merits and reverse it as to venue. We further remand the matter to the trial court with instructions to transfer the matter to the Court of Common Pleas of Centre County for a hearing on the merits.

### ORDER

AND NOW, this 3rd day of May, 2002, the April 19, 2001 order of the Court of Common Pleas of Allegheny County is hereby REVERSED as to venue and VACATED on the merits. Further, the matter is REMANDED to the trial court with instructions to transfer the matter **forthwith** to the Court of Common Pleas of Centre County for a hearing on the merits.

Jurisdiction relinquished.

---

10. 1 Pa.C.S. § 1903(a).

11. DOT suggests that the General Assembly amended Section 933(a)(1) of the Code because it recognized the burden on taxpayers when police officers were required to travel throughout the Commonwealth to testify in license suspension appeals. While we agree that this may have been a concern of the Legislature, our research of the legislative history of the 1998 amendments to Section 933(a)(1) failed to disclose *any* remarks regarding this particular piece of legislation.