The HOUSING AUTHORITY OF the
CITY OF PITTSBURGH,
Appellant

v.

Paul VAN OSDOL and WTAE–TV.

Commonwealth Court of Pennsylvania.

Argued Nov. 14, 2011.
Decided March 8, 2012.
Reargument Denied April 24, 2012.

Alice B. Mitinger, Pittsburgh, for appellant.

Stephen H. Yuhan, New York, NY, for appellees.

BEFORE: LEADBETTER, President Judge, and SIMPSON, Judge, and McCULLOUGH, Judge.

OPINION BY President Judge LEADBETTER.[1]

The Housing Authority of the City of Pittsburgh (Authority) appeals from the order of the Court of Common Pleas of Allegheny County dismissing its statutory appeal from the determination of the Office of Open Records (OOR) that it must provide certain records to Paul Van Osdol (Van Osdol), a reporter for WTAE–TV. The court concluded that it lacked subject-matter jurisdiction to consider the Authority's appeal because the Authority named only OOR as a "defendant" in the caption and failed to join Van Osdol as an indispensable party in the appeal. The court further concluded that even if there were no procedural defects, the information requested by Van Osdol was not exempt from public access under Section 708(b) of the Right–to–Know Law (Law), Act of February 14, 2008, P.L. 6, 65 P.S. § 67.708(b).

In this appeal, we are asked to decide: (1) whether the Authority's designation of OOR as an appellee and failure to join Van Osdol and/or WTAE–TV (collectively, Van Osdol) in the appeal deprived the trial court of subject-matter jurisdiction; (2) if not, whether the information requested by Van Osdol is exempt from disclosure under Section 708(b) of the Law; and, (3) whether the Authority is precluded from relying on additional reasons for denying Van Osdol's request due to its failure to include them in its written decision.

**I.**

The record reveals the following relevant facts. On July 20, 2010, Van Osdol asked the Authority to provide "the addresses and owner names for all Section 8 properties administered by the ... Authority." Reproduced Record (R.R.) at 4a. The "Section 8 Program," also known as the Housing Choice Voucher Program, provides rental assistance to low-income families to help them "in obtaining a decent place to live" and to "promot[e] economically mixed housing." Section 8(a) of the Housing and Community Development Act of 1974, 42 U.S.C. § 1437f(a). Under the Section 8 Program, which is funded by the federal government and administered by local public housing authorities, tenants sign a lease and pay a portion of their income toward rent, and the remainder of the rent is paid by the public housing authorities. 42 U.S.C. § 1437f(*o* ).

The Authority denied Van Osdol's request, stating that the requested information was exempt from public access under Section 708(b)(6)(i)(C) of the Law ("[t]he home address of a law enforcement officer or judge"); Section 708(b)(28)(i) and (ii)(A) (a record or information "identifying an individual who applies for or receives social services"[2] or "the type of social services received by an individual"); and Section 708(b)(30) ("[a] record identifying the name, home address or date of birth of a child 17 years of age or younger").

Van Osdol appealed the Authority's denial to OOR, alleging that he requested disclosure of only the addresses of Section

---

1. This case was assigned to this opinion writer before she completed her term as President Judge on January 6, 2012.

2. The definition of "social services" includes "[c]ash assistance and other welfare benefits, medical, mental and other health care services, ... workers' compensation services and unemployment compensation services." Section 102 of the Law, 65 P.S. § 67.102. It is undisputed that the rent subsidies under the Section 8 Program are cash assistance and meet the definition of "social services."

8 properties and the names of such property owners, not housing subsidy recipients or children, and that the Allegheny County Housing Authority had previously disclosed the identical information requested by him. The Authority responded that disclosure of Section 8 property addresses would identify over 6800 households participating in the Section 8 Program and that disclosure of names of Section 8 landlords would enable Van Osdol to cull the County real estate records to identify the households receiving housing assistance. Neither party requested a hearing.

In a final determination mailed on September 22, 2010, OOR's appeals officer directed the Authority to provide the requested information to Van Osdol within thirty days. She concluded that the information did not fall within the exemption under Section 708(b)(28) of the Law, stating:

[T]he Request seeks the names of *owners* of section 8 properties and the property addresses, not the name of the tenant. The name of the landlord or the address of a section 8 eligible property does not, by itself, identify an individual who receives social services. Rather, as admitted by the Authority a second step, or more, must be taken to identify the tenant who is the recipient of social services.

Appeals Officer's Decision at 4; R.R. at 13a (emphasis in original).

After OOR denied a petition for reconsideration, the Authority filed a "notice of appeal/petition for review" with the trial court designating OOR as an appellee in the caption and also filed a certificate of service, stating that the appeal form was served upon all parties. After the trial court scheduled a status conference, OOR advised the court that it would not file a brief nor appear for argument. Van Osdol also did not attend the status conference. The court thereafter permitted the Neighborhood Legal Services Association and The Fair Housing Partnership of Greater Pittsburgh, a nonprofit organization promoting equal housing opportunities, to file an *amicus curiae* brief in support of the Authority's appeal. The court also permitted Van Osdol and/or WTAE–TV to seek either intervention or an *amicus curiae* status and to file a brief within thirty days. Counsel for Van Osdol and WTAE–TV subsequently filed an *amici curiae* brief and an "affirmation" with numerous exhibits attached thereto.

The trial court dismissed the Authority's appeal, concluding that it lacked subject-matter jurisdiction because the Authority improperly named OOR as a "Defendant in [the] appeal." Trial Court's April 6, 2011 Findings of Fact and Order at 1. The trial court further concluded that the proper "Defendants" were Van Osdol and WTAE–TV, but that they could not be joined because "the Statute of Limitations for filing an appeal from the OOR's final determination had run." *Id.* at 2. The court determined that the Authority's failure to join them deprived it of subject-matter jurisdiction. The trial court nonetheless considered the merits of the appeal and determined that the Authority failed to establish that the requested information was exempt from public access under Section 708(b)(28)(i) and (ii)(A) (information identifying individuals applying for or receiving social services and the type of social services received). As to the exemptions under Sections 708(b)(30) (the name, home address or date of birth of a child 17 years or younger) and 708(b)(6)(i)(C) (the home address of a law enforcement officer or judge who may own or reside at Section 8 properties), the court stated that the Authority could redact such information from the requested records.[3] Finally, the

3. The exemptions set forth in Section 708(b)   do not apply to "financial records." Section

court concluded that the Authority waived its argument that the requested information was exempt under Section 708(b)(1)(ii) (the reasonable likelihood of a substantial and demonstrable risk of physical harm to or personal security of an individual) due to its failure to include it in the written decision. The Authority's appeal to this Court followed.[4]

## II.

▆▆▆ The Authority first challenges the trial court's conclusion that it lacked subject-matter jurisdiction to hear and decide the statutory appeal.[5] The Authority maintains that in the absence of local rules governing a statutory appeal from OOR's decision, OOR was a proper appellee. In support, the Authority cites Rule 1513(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1513(a), which provides that "unless the government unit is disinterested, the government unit and no one else shall be named as the respondent."[6]

The trial court concluded that it did not have jurisdiction over the appeal, relying on *East Stroudsburg University Foundation v. Office of Open Records*, 995 A.2d 496 (Pa.Cmwlth.2010), *appeal denied*, 610 Pa. 602, 20 A.3d 490 (2011), in which the Court quashed a brief filed by OOR named as the sole respondent in an appeal from OOR's final determination. The Court concluded that OOR performing only an adjudicatory function lacked *standing* to defend its decision on appeal. The Court considered the merits of the appeal, and reversed in part and affirmed in part OOR's determination.

▆▆▆ In relying on *East Stroudsburg University Foundation*, the trial court failed to recognize the distinction between jurisdiction and standing. The concept of jurisdiction "has its roots in territorial principles and the idea of sovereignty" and "relates to a court's power to hear and decide a case." *Commonwealth v. Eichinger*, 591 Pa. 1, 16, 915 A.2d 1122, 1132 (2007). The issue of subject-matter jurisdiction cannot be waived and may be raised at any time by the parties or by the court *sua sponte*. *Daly v. Darby Twp. Sch. Dist.*, 434 Pa. 286, 252 A.2d 638

---

708(c). An agency may redact the home address of a law enforcement officer or judge from financial records. Section 708(b)(6)(i)(C) and (30).

4. Van Osdol and WTAE–TV filed an *amici curiae* brief with this Court. The Court permitted them to present oral argument.

5. The Authority argues that the trial court improperly considered the jurisdiction issue raised by the *amicus curiae*, Van Osdol. In support, the Authority cites Rule 531 of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 531, which provides that anyone interested "in the *questions* involved in any manner pending in an appellate court ... may ... file a brief amicus curiae in regard to *those questions....*" (Emphasis added.) *See also Alliance Home of Carlisle, PA v. Bd. of Assessment Appeals*, 591 Pa. 436, 919 A.2d 206 (2007) (holding that an *amicus curiae*

ordinarily cannot inject into a case new issues which have not been preserved by the parties). The rules of appellate procedure, however, apply to practice and procedure in the Supreme Court, the Commonwealth Court and the Superior Court, not to those in the courts of common pleas. Pa. R.A.P. 103. Moreover, lack of subject-matter jurisdiction may be raised at any time by the parties or by the court. *Tracy v. Unemployment Comp. Bd. of Review*, 23 A.3d 612 (Pa.Cmwlth.2011).

6. Based on the issues presented, our review is limited to determining whether the trial court committed an error of law, a question over which we exercise plenary review. *Kaplin v. Lower Merion Twp.*, 19 A.3d 1209 (Pa. Cmwlth.2011), *appeal denied*, —— Pa. ——, 29 A.3d 798 (2011). A court reviewing the appeals officer's determination has broad scope of review. *Dep't of Corr. v. Office of Open Records*, 18 A.3d 429 (Pa.Cmwlth.2011).

(1969); *Tracy v. Unemployment Comp. Bd. of Review,* 23 A.3d 612 (Pa.Cmwlth. 2011).[7] The core concept of standing, on the other hand, "is that a person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby" and, therefore, may not "obtain a judicial resolution of his [or her] challenge." *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 192, 346 A.2d 269, 280 (1975). Standing is a non-jurisdictional and waivable issue. *In re Condemnation by Urban Redev. Auth. of Pittsburgh,* 590 Pa. 431, 913 A.2d 178 (2006); *Beers v. Unemployment Comp. Bd. of Review,* 534 Pa. 605, 633 A.2d 1158 (1993).

■ The mere fact that OOR, named as an appellee, was not an "aggrieved" party did not deprive the court of its *power* to decide the Authority's appeal. Section 1302(a) of the Law, 65 P.S. § 67.1302(a), provides in relevant part:

> Within 30 days of the mailing date of the final determination of the appeals officer relating to a decision of a local agency [8] ... or of the date a request for access is deemed denied, a requester or local agency may file *a petition for review or other document as required by rule of court with the court of common pleas for the county where the local agency is located.* The decision of the court shall contain findings of fact and conclusions of law based upon the evidence as a whole. The decision shall clearly and concisely explain the rationale for the decision. [Emphasis added.]

Where, as here, a statute confers a right to file a statutory appeal with a court, that court is vested with subject-matter jurisdiction over the appeal. *Pass v. Dep't of Transp., Bureau of Driver Licensing,* 804 A.2d 77 (Pa.Cmwlth.2002). The trial court, therefore, had subject-matter jurisdiction to hear and decide the Authority's statutory appeal.

■ Contrary to the trial court's assertion, this Court's holding in *Pennsylvania State Education Association v. Department of Community and Economic Development, Office of Open Records,* 4 A.3d 1156 (Pa.Cmwlth.2010), does not support its conclusion that the Authority's failure to timely join Van Osdol in the appeal deprived it of subject-matter jurisdiction. In that case, the association filed a declaratory judgment action against OOR in this Court's original jurisdiction, seeking a declaration that the requested records were exempt from disclosure under the Law. The Court dismissed the action, concluding that "the appropriate defendant" in the original jurisdiction action was the school districts holding the records and information sought to be protected, not OOR with no interest in the outcome of the action. *Id.* at 1164. The Court stated that "[j]ust as [OOR] cannot participate in an appeal of one of its adjudication, it cannot serve as

---

**7.** Under Section 704(a) of the Judicial Code, 42 Pa.C.S. § 704(a), and Pa. R.A.P. 741(a), "[t]he failure of an appellee to file an objection to the jurisdiction of *an appellate court*" within a time specified by a general rule operates as a perfection of jurisdiction, except under certain circumstances. (Emphasis added.) This waiver rule expressly applies to the jurisdiction of an appellate court, not to the jurisdiction of a court of common pleas over a statutory appeal.

**8.** The Authority met the definition of a local agency, which includes "[a]ny political subdivision" and "[a]ny local, intergovernmental, regional or municipal agency, authority, council, board, commission or similar governmental entity." Section 102 of the Law. The final determination of the appeals officer relating to a decision of the Commonwealth agency, a legislative agency or a judicial agency must be filed with the Commonwealth Court. Section 1301(a) of the Law, 65 P.S. § 67.1301(a).

the appropriate defendant in [the] original jurisdiction action." *Id.* The Court's conclusion in *Pennsylvania State Education Association* is consistent with Section 7540(a) of the Judicial Code, 42 Pa.C.S. § 7540(a), which provides: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." *See also HYK Constr. Co. v. Smithfield Twp.*, 8 A.3d 1009 (Pa.Cmwlth. 2010), *appeal denied,* 610 Pa. 623, 21 A.3d 1195 (2011) (the failure to join an indispensable party in an action for declaratory and equitable relief deprived the trial court of subject-matter jurisdiction).

Section 1101(c) of the Law permits "[a] person other than the agency or requester with a direct interest in the record subject to an appeal" to appear before the appeals officer or to file information in support of the position of the requester or the agency. The Law, however, does not require that the requester, the agency or any other individuals with a direct interest in the outcome of the statutory appeal from OOR's determination be joined. This Court's holding in *Pennsylvania State Education Association* that the failure to join the agency in the declaratory judgment action deprived the Court of subject-matter jurisdiction has no application to the instant statutory appeal governed by the Law. We note that Van Osdol was not prejudiced in any way by the designation of OOR as an appellee. He was served the notice of appeal/petition for review, was given an opportunity to intervene in the appeal, and presented his argument in an *amici curiae* brief. The trial court improperly dismissed the appeal on the basis that Van Osdol was not joined in the appeal.

## III.

On the merits of the appeal, the Authority argues that the addresses of Section 8 properties and the names of Section 8 property owners are exempt from disclosure under Section 708(b)(28)(i) and (ii)(A) of the Law because disclosure of such information would necessarily identify the recipients and the type of social services they receive, which would not serve the purpose of the Section 8 program affording low-income families safe and sanitary housing in the neighborhood of their choice.

The purpose of the Law is to promote access to official government information in order to prohibit secrecy, to scrutinize public officials' actions and to make them accountable for their actions. *Bowling v. Office of Open Records,* 990 A.2d 813 (Pa.Cmwlth.2010), *appeal granted,* 609 Pa. 265, 15 A.3d 427 (2011). The Law requires a local agency to provide "public records" upon request. Section 302(a) of the Law, 65 P.S. § 67.302(a). A public record is a record that (1) is not exempt under Section 708 of the Law, (2) is not exempt from disclosure under federal or state law or regulations, or judicial orders or decrees, or (3) is not protected by a privilege. Section 102 of the Law, 65 P.S. § 67.102. A local agency has the burden of proving that requested records are exempt from public access. Section 708(a)(1) of the Law.

Although the general provisions of the Law must be liberally construed to effect its objects, the exemptions from disclosure under Section 708(b) must be narrowly construed. Section 1928(c) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1928(c); *Allegheny County Dep't of Admin. Servs. v. A Second Chance, Inc.,* 13 A.3d 1025 (Pa.Cmwlth.2011). Van Osdol sought to obtain only the addresses of Section 8 properties and the names of the

individuals owning those properties. The requested information does not itself identify individuals who apply for or receive social services or the type of social services received by those individuals. Nor does such information directly identify the name, home address or date of birth of children who are 17 years of age or younger residing in Section 8 properties, or the home address of a law enforcement officer or judge who may own Section 8 properties. When the exemptions under Section 708(b)(6)(i)(C), (28)(i) and (ii)(A) and (30) of the Law are narrowly construed, as we must do, the requested information does not fall within those exemptions.

The Authority nonetheless asserts that disclosure of the requested information would enable Van Osdol to ascertain the social service recipients and the type of services they receive, "[g]iven the ease of the county's electronic records search." Authority's Brief at 16. However, the record contains no information concerning the county's electronic records search capabilities. That properly disclosed public records may enable the requestor or others, by doing further research, to learn information that is protected from disclosure is not generally a sufficient basis to refuse disclosure. In addition, the briefs submitted to the trial court by the Neighborhood Legal Services Association and The Fair Housing Partnership of Greater Pittsburgh contain disturbing factual allegations concerning the harm disclosure could cause to the tenants whose addresses are sought, but again, these are merely assertions in briefs, not evidence of record. There may be some cases in which the evidence establishes that disclosure of public records which are not facially exempt will necessarily or so easily lead to disclosure of protected information that production of one is tantamount to production of the other, or that disclosure of the one is highly likely to cause the very harm the exemption is designed to prevent, but no such evidence was presented here.[9] Accordingly, at this time we need not attempt to define in further detail the standards which must be met to allow withholding of records which are not facially exempt.

■ The Authority argues that the requested information is also exempt from disclosure under Section 708(b)(1)(ii) of the Law (the reasonable likelihood that disclosure will result in a substantial and demonstrable physical harm to or the personal security of an individual) and Section 708(b)(6)(i)(A) of the Law (personal identification information), and that allowing public access to the requested information would violate the housing subsidy recipients' constitutional right of privacy and would have a discriminatory impact on minorities, women and low-income households. The Authority, however, cited only Section 708(b)(6)(i)(C), (28)(i) and (ii)(A) and (30) of the Law to support its denial of Van Osdol's request. An agency denying a request for disclosure of a public record must issue a written decision, setting forth, inter alia, "[t]he specific reasons for the denial, including a citation of supporting

9.  Van Osdol has noted that the Authority itself made public information similar to that it refused to provide. The printout from the Authority's website contained a statement that "[a] Section 8 website is available with a detailed listing of available rental units." Exhibit A to the Affirmation of Van Osdol's Counsel; Certified Record (C.R.), Item No. 10. The website, *www.apartments inpittsburgh.net,* then posted the addresses of available Section 8 rental properties and the first names and phone numbers of individuals to be contacted for further information. Exhibits B through H to the Affirmation. It is not clear whether "available" rental units are those which are vacant; if so, those addresses would not disclose the identity of Section 8 subsidy recipients, and this posting would have little relevance to the issue at hand.

legal authority." Section 903(2) of the Law, 65 P.S. § 67.903(2). The Authority may not attempt to justify its decision on appeal by relying on additional reasons not included in its written denial. *Signature Info. Solutions, LLC v. Aston Twp.*, 995 A.2d 510, 514 (Pa.Cmwlth.2010).

Accordingly, we vacate the trial court's order dismissing the Authority's appeal for lack of jurisdiction and remand this matter to the court for entry of an order affirming the final determination of OOR.

### ORDER

AND NOW, this 8th day of March, 2012, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is VACATED. This matter is remanded to the court for entry of an order affirming the final determination of the Office of Open Records.

Jurisdiction relinquished.

CONCURRING OPINION BY Judge McCULLOUGH.

I agree with the Majority's decision to vacate and remand this matter to the trial court. I write separately, however, because I believe that a further remand to the Office of Open Records (OOR) is warranted in order to allow the parties to submit additional evidence, in camera or otherwise, regarding: the county's electronic records search capabilities; how disclosure of the requested information would lead to the identification of social services recipients and the types of services they receive; and the harm that such disclosure could cause to tenants participating in the "Section 8 Program."

As the Majority recognizes, the Neighborhood Legal Services Association and The Fair Housing Partnership of Greater Pittsburgh have presented disturbing factual allegations concerning the harm dis-

closure could cause to the tenants of the Section 8 properties if the addresses sought are provided. The Majority also recognizes that there may be circumstances in which the disclosure of public records that are not facially exempt "is highly likely to cause the very harm the exemption is design to prevent." (Majority op. at 216.)

In light of the concerns identified in this case, I believe that a consideration of additional relevant evidence is warranted. Therefore, I would order a further remand to the OOR to allow the parties to present such evidence for the OOR's consideration.