DISSENTING OPINION BY
JUDGE HEARTHWAY
I join in the dissent written by Judge McCullough but write separately because I believe the majority’s interpretation of Section 708(b)(28)(ii)(B) of the Right-to-Know Law (RTKL)[1] is flawed. The majority argues Section 708(b)(28)(ii)(B) of the *442 RTKL is not a stand-alone exemption and, when read in context with the rest of the statute, the so-called “caregiver exemption” is only intended to exempt from disclosure that information which is “personal” to an individual applicant. The identity of a direct-care worker (DCW) is specifically listed as information exempt from disclosure and presumably, in keeping with the majority’s rationale, information that is personal to the applicant. However, the majority concludes the DCWs’ addresses are not personal to the applicant, and will not necessarily, or so easily, lead to disclosure of the DCWs’ identities. Therefore, under the RTKL, the DCWs’ addresses must be disclosed. I respectfully disagree.
The majority’s opinion in support of this argument appears to derive from the repeated use of the word “individual” within the statute and its conclusion that the legislative intent was to only protect what is “personal” to the individual applying for or receiving benefits. The majority has unnecessarily complicated a very straightforward statute by adding qualifying language to make the words fit a desired interpretation. This interpretation implies the legislature only intended to protect the individual applying for or receiving benefits.
The statute exempts from disclosure:
A record or information:
(i) identifying an individual who applies for or receives social services; or
(ii) relating to the following:
(A) the type of social services received by an individual;
(B) an individual’s application to receive social services, including a record or information related to an agency decision to grant, deny, reduce or restrict benefits, including a quasi-judicial decision of the agency and the identity of a caregiver or others who provide services to the individual; or
(C)eligibility to receive social services, including the individual’s income, assets, physical or mental health, age, disability, family circumstances or record of abuse.
65 P.S. § 67.708(b)(28)(emphasis added).
If the information sought “relat[es] to ... an individual’s application to receive social services” then, very simply, it is exempt from disclosure. The critical inquiry is whether the addresses relate to the individuals’ applications.
The basic precepts of statutory construction require adherence to certain established principles. “To determine the meaning of a statute, a court must first determine whether the issue may be resolved by reference to the express language of the statute, which is to be read according to the plain meaning of the words.” Commonwealth v. Fedorek, 596 Pa. 475, 946 A.2d 98, 98 (2008). When the words of a statute are clear, this Court “must give effect to the legislature’s intent as it was expressed in the language of the [a]ct .... ” Springfield Township, Bucks County Board of Supervisors v, Gonzales, 158 Pa.Cmwlth. 664, 682 A.2d 1353, 1356 (1993).
Injecting the word “personal” provides argumentative leverage to usurp the plain meaning of the statute. Interpreting the statute as intending to protect only the individual applying for or receiving social services allows one to then focus on the word “individual” as meaning “personal to” the “applicant” rather than dealing with the broader terms actually stated in the statute,[2]
*443 The word “individual” cannot be equated to the words “personal to.” The statute reads “relating to ... an individual’s application.” 65 P.S. § 67.708(b)(28)(ii)(B). The statute does not read “relating to ... an individual.” Moreover, the phrases “relating to” and “including” are terms of enlargement.[3]
In looking at the actual words set forth in the statute, we have, in section 708(b)(28)(ii)(B) of the RTKL, a listing of the following items: 1) “a record or information related to an agency decision to grant, deny, reduce or restrict benefits,” 2) “a quasi-judicial decision of the agency,” and 3) “the identity of a caregiver or others who provide services to the individual.” 65 P.S. § 67.708(b)(28)(ii)(B). Each item defines what is to be considered as included in an individual’s application. It is a nonexclusive list and the items themselves cover a significant range of information encompassing records certainly well beyond a single document such as an application form. By use of the word “including,” the statute clearly states that all of these items, as well as others not so enumerated, are to be considered part of an individual’s application.
Moreover, the individual’s application, that group of information that constitutes the application, is preceded by the phrase “relating to.” As such, the plain and inescapable meaning of the statute is that any information related to these items is exempt from disclosure. “Relating to” is a broad phrase and the list of items included as part of the application is equally broad. The identity of a caregiver is unquestionably part of an individual’s application, and therefore exempt. But also, any information merely related to the application, including related to the identity of a caregiver, is exempt from disclosure as well. We need not examine whether the addresses of the DCWs will lead to the disclosure of the identities of the DCWs, but rather, given the exact wording of the statute, we need to merely examine if the addresses are related to the applications, which also includes related to the identities of caregivers.[4] An address may not necessarily reveal one’s identity, but it nonetheless is still related. I can discern no logical rationale that would conclude they are unrelated.
The “provisions of a statute shall be liberally construed to effect their objects and to promote justice.” Section 1928(c) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1928(c). The RTKL is designed to promote access to official government information and promote transparency in the government.[5] Accordingly, we have held that the exemptions from disclosure *444 under Section 708(b) of the RTKL must be narrowly construed. Housing Authority of City of Pittsburgh v. Van Osdol, 40 A.3d 209 (Pa. Cmwlth. 2012); Allegheny County Department of Administrative Services v. A Second Chance, Inc., 13 A.3d 1025 (Pa. Cmwlth. 2011). Nonetheless, “[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.” Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1921(b). Section 708(b)(28)(ii) of the RTKL is written broadly with the use of the term “relating to” and subsection (ii)(B) is also written broadly with an expansive, nonexclusive list of what is to be included or considered as part of an individual’s application. 65 P.S. § 67.708(b)(28)(ii)(B). The requirement that we strictly construe an exemption provision of the statute does not mean we ignore broad terms that are so clearly set forth in the statute, nor may we substitute those broad terms with more restrictive words. Given the plain meaning of the words in the statute and the close relationship of the requested addresses to individuals’ applications, as well as the identities of DCWs, the dictates of narrow construction have not been violated.
If we, as we are required to do, step back and examine the plain meaning of the words in the statute, the legislation is quite clear. Absent a clairvoyant legislature that was able to draft an exhaustive list of all possible items related to an individual’s application, we have in this statute as much clarity as the English language will allow.
Lastly, the instant case is factually distinguishable from Van Osdol. The records sought in Van Osdol were the addresses and owner names for Section 8 properties. The statutory sections at issue were 708(b)(28)(i) and (ii)(A) of the RTKL.[6] Van Osdol did not involve an analysis of section 708(b)(28)(ii)(B) of the RTKL.[7] Section 708(b)(28)(i) involves the identity of the individual applying for or receiving social services,[8] and section 708(b)(28)(ii)(A) involves “the type of social services received by an individual.”[9] Both involved an analysis of whether knowing the addresses and owners of Section 8 housing necessarily lead to the identity of the individual receiving Section 8 housing benefits. Section 708(b)(28)(ii)(B) of the RTKL[10] encompasses a different and much broader range of information.
Accordingly, I would reverse the order of the OOR.
Judges McCullough and Cosgrove join in this dissent.

. Act of February 14, 2008, P.L. 6, 65 P.S. § 67.708(b)(28)(ii)(B).

. Perhaps it was the intent of the legislature to only protect the individual applying for benefits. Or perhaps it was to protect the process itself or for some other reason. In the *443 instant case it does not matter. “It is only when statutory text is determined to be ambiguous that we may go beyond the text and look to other considerations to discern legislative intent." A.S. v. Pennsylvania State Police, 143 A.3d 896 (Pa. 2016).

.See Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992) (stating that the meaning of the phrase "relating to” is broad and means "to stand in some relation to; to have bearing or concern; to pertain; refer; to bring into association with or connection with”); Department of Environmental Protection v. Cumberland Coal Resources, LP, 628 Pa. 17, 102 A.3d 962, 976 (2014) (stating that "including” is a word of enlargement and that any list that follows is non-exhaustive and incorporated into the preceding phrase).

. DCWs are the direct employees of the individual receiving social services. (R.R, at 67a, ¶ 13b.) This is a private employment relationship that becomes part of the record or information of the government only because the individual employer applies for social services.

. Levy v. Senate of Pennsylvania, 619 Pa. 586, 65 A.3d 361, 367 (2013).

. 65 P.S. §§ 67.708(b)(28)(i) & (ii)(A).

. 65 P.S. § 67.708(b)(28)(ii)(B).

. 65 P.S. § 67.708(b)(28)(i).

. 65 P.S. § 67.708(b)(28)(ii)(A).

. 65 P.S. § 67.708(b)(28)(ii)(B).