IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kimberly Creps Kline,        :
                                     :
                    Appellant  :
                                     :
                      v.            : No. 1296 C.D. 2018
                                   : Submitted: March 8, 2019
Allegheny County         :
Housing Authority        :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                             FILED: July 12, 2019

Kimberly Creps Kline (Tenant) appeals *pro se* the order of the Allegheny County Court of Common Pleas (trial court) denying her appeal of the decision of an Allegheny County Housing Authority (Authority) Hearing Officer that terminated Tenant's participation in the Authority's housing assistance program (Section 8 Program).[1]  We affirm.

---

[1] As this Court has explained:

> The "Section 8 Program," also known as the Housing Choice Voucher Program, provides rental assistance to low-income families to help them "in obtaining a decent place to live" and to "promot[e] economically mixed housing."  Section 8(a) of the Housing and Community Development Act of 1974, 42 U.S.C. §1437f(a).  Under the Section 8 Program, which is funded by the federal government and administered by local public housing authorities, tenants sign a lease and pay a portion of their income toward rent, and the

On March 1, 2018, the Authority sent Tenant a notice of the termination of her participation in the Section 8 Program for her residence at 118 Middle Avenue, Wilmerding Borough, Allegheny County (Subsidized Residence). Docket Entry (D.E.) 5, Exhibit (Ex.) 4. The Authority alleged that Tenant violated 24 C.F.R. §982.551(h)(2)[2] by permitting William G. Moore (Moore) to reside at the Subsidized Residence, and that Moore violated 24 C.F.R. §982.551(l)[3] by committing the crimes of terroristic threats, harassment, and disorderly conduct. *Id.* Tenant requested a hearing to challenge the Authority's decision. *Id.*

---

remainder of the rent is paid by the public housing authorities. 42 U.S.C. § 1437f(o).

*Housing Authority of the City of Pittsburgh v. Van Osdol*, 40 A.3d 209, 211 (Pa. Cmwlth. 2012). "The Section 8 Program is administered by the Department of Housing and Urban Development (HUD);" however, "[o]n the local level, the Section 8 Program is administered by public housing agencies[], which are required . . . to 'adopt a written administrative plan that establishes local policies for administration of the program in accordance with HUD requirements'" under Section 982.54 of Title 24 of the Code of Federal Regulations, 24 C.F.R. §982.54. *Housing Authority of the City of Pittsburgh v. McBride* (Pa. Cmwlth., No. 946 C.D. 2011, filed June 19, 2012), slip op. at 1-2 n.2. "HUD requirements are 'issued by HUD headquarters, as regulations, Federal Register notices or other binding program directives.' 24 C.F.R. §982.52." *Id. See also* 210 Pa. Code §69.414(a) (an unpublished memorandum opinion, although not binding precedent, may be cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures).

[2] *See* 24 C.F.R. §982.551(h)(2) ("The composition of the assisted family residing in the unit must be approved by the [Authority]. . . . The family must request [Authority] approval to add any other family member as an occupant of the unit. No other person [i.e., nobody but members of the assisted family] may reside in the unit[.]"). D.E.5, Ex. 1 at 2.

[3] *See* 24 C.F.R. §982.551(l) ("The members of the household may not engage in . . . violent criminal activity or other criminal activity that threatens the health, safety, or right to peaceful enjoyment of other residents and persons residing in the immediate vicinity of the premises[.]"). D.E. 5, Ex. 1 at 3.

The Hearing Officer summarized the evidence presented by Authority Police Detective Kilburn (Detective Kilburn) at the May 22, 2018 hearing, as follows:

> Detective Kilburn stated on January 4, 2018 it was found []Moore was residing in [the Subsidized Residence] where [Tenant] is to be the only person in the subsidized unit. Detective Kilburn then said []Moore had been removed from said unit in June of 2017 but in July of 2017 when [Tenant] attempted to have him put back in the unit []Moore failed his [criminal background check] due to a Possession of a Controlled Substance Charge. Detective Kilburn continued, saying []Moore had an incident with a Brian Huska telling him he was going to kick his ass then calling him a M[*****] F[*****], with []Moore being charged with terroristic threats, harassment and disorderly conduct noting all police reports for []Moore are that of said address. Further, Detective Kilburn noted when []Moore was arrested he was in the [Subsidized Residence] lying on the couch in his pajamas, a mail check for []Moore came back as that of the said unit and his PA Driver's License was that of the said [unit] until he recently obtained a Pennsylvania Identification Card with an issue dated of February 16, 2018 for the 116 Middle Ave. B, Wilmerding, PA 15148 address.

D.E. 5, Ex. 19 at 2. The foregoing summary is supported by the hearing transcript of Detective Kilburn's testimony and exhibits. *See* D.E. 5, Ex. 8, 13 at 2-4, Ex. 14, 18 at 5-7.

The Hearing Officer summarized the evidence presented by Tenant at the hearing, as follows:

> [Tenant] stated she did agree with most of what was said but only let []Moore use the address because he needed an address for food stamps and medical, she gets mail for other people there all the time and he lives next door with his son. [Tenant] then said the dispute with Brian Huska took place a block away and []Moore did not come back

3

to her house he went to his son's but came over later to tell her about the argument. Further saying when the Police came to the door to talk to []Moore they arrested him, he was in his pajamas because he had no clothes in her unit, he was being targeted by the police and a Scott Shearer of [Allegheny County Police] Internal Affairs has something under investigation. [Tenant] continued, stating she never gave []Moore permission to use her address for his driver's license; she took him off of her Section 8 because of his drug problem and he comes to her unit frequently but does not live there.

D.E. 5, Ex. 19 at 3. The foregoing summary is supported by the hearing transcript of Tenant's testimony and exhibits. *See* D.E. 5, Ex. 18 at 7-11.

The Hearing Officer recounted, "Moore stated he did not have [Tenant's] permission to use her address for identification purposes and Brian Huska was calling him names as well." D.E. Ex. 19 at 3. The Hearing Officer also noted, "Moore then said he has been clean for ten months and lives with his son and his sister." *Id.* Again, these findings are supported by the hearing transcript. *See* D.E. 5 Ex. 18 at 11, 17-18, 19, 20.

On June 7, 2018, the Hearing Officer issued a decision in which he found: (1) "We have evidence that []Moore is residing at [the Subsidized Residence]"; (2) "On January 1, 2018, []Moore was charged with terroristic threats, harassment and disorderly conduct"; and (3) "Even though [Tenant] attempted to plead her case this [H]earing [O]fficer finds the evidence presented by the [Authority] to be much more credible than her testimony." D.E. 5, Ex. 19 at 4. As a result, and citing 24 C.F.R. §982.551(h)(2) and 24 C.F.R. §982.551(l), the Hearing Officer determined, "Therefore, termination of assistance is upheld." *Id.*

On June 25, 2018, Tenant appealed the Hearing Officer's decision to the trial court. D.E. 1. On July 23, 2018, the trial court issued an order scheduling a 20-minute conference regarding the appeal for August 21, 2018, stating, "[Tenant],

4

any attorney for [Tenant] and a representative of the [Authority] to amicably resolve the dispute shall be present for the conference." D.E. 6.

On August 22, 2018, the trial court issued an order stating: "1. Based on the credibility of the witnesses' testimony the Hearing Officer denied [Tenant's] statutory appeal; 2. The Hearing Officer's determination was in alignment with [Section 754(b) of the Local Agency Law, 2 Pa. C.S. §754(b)[4]]; [and] 3. Therefore, I affirm the Hearing Officer's adjudication and [Tenant's] Statutory Appeal is DENIED." D.E. 7. Tenant then filed the instant appeal to this Court.

In this appeal,[5] Tenant claims that: (1) the trial court did not properly apply the "substantial evidence" standard in its review of the hearing officer's decision[6]; (2) the trial court should have granted her the opportunity to bring counsel

---

[4] Section 754(b) states, in relevant part:

> **(b) Complete record.**—In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence.

[5] Our review is "limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated." *Allegheny County Housing Authority v. Liddell*, 722 A.2d 750, 752 (Pa. Cmwlth. 1998).

[6] As this Court has explained:

5

and her witnesses to the August 21, 2018 conference[7]; (3) she was not automatically allowed out of her lease in August of 2016 when her landlord appeared in her kitchen naked; (4) she never had problems with the Authority in her 14 years of receiving Section 8 assistance; (5) the hearing officer was informed that Moore put the address of the Subsidized Residence on his driver's license without her knowledge or consent; (6) the Allegheny County Police are targeting her for unknown reasons as demonstrated by the transcript of a prior March 23rd informal hearing; and (7) it makes no sense that she would take Moore off as an approved occupant of the Subsidized Residence to only later let him reside there without Authority approval thereby jeopardizing her Section 8 assistance.

> "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Stated differently, "[s]ubstantial evidence is more than a mere scintilla and must do more than create a suspicion of the existence of the fact to be established."
>
> In performing a substantial evidence analysis, this Court must view the evidence in the light most favorable to the party who prevailed before the factfinder and draw all reasonable inferences which are deducible from the evidence in favor of the prevailing party. Furthermore, in a substantial evidence analysis where both parties present evidence, it does not matter that there is evidence in the record which supports a factual finding contrary to that made by the factfinder. Rather, the pertinent inquiry is whether there is any evidence which supports the factual finding actually made.

*Borough of Emmaus v. Pennsylvania Labor Relations Board*, 156 A.3d 384, 393 (Pa. Cmwlth.), *appeal denied*, 171 A.3d 1284 (Pa. 2017) (citations omitted).

[7] A trial court lacks the authority to conduct a *de novo* hearing to permit the presentation of additional evidence under the Local Agency Law where the record made before the local agency completely and accurately reflects the evidence presented at hearing and provides a basis for an appeal from the local agency's decision. *Powell v. Middletown Township Board of Supervisors*, 782 A.2d 617, 621-22 (Pa. Cmwlth. 2001).

To the extent that any of the foregoing claims have been properly raised and preserved for our review,[8] after considering the record, Tenant's brief, and the relevant law, we conclude that the appellate issues have been ably resolved in the thorough and well-reasoned opinion of the Honorable Alan Hertzberg. Therefore, we affirm that order on the basis of the trial court's opinion in the matter of *Kline v. Allegheny County Housing Authority* (C.P. Allegheny, SA 18-519, filed October 16, 2018).

MICHAEL H. WOJCIK, Judge

---

[8] *See, e.g.*, Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa. R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998) (holding that the failure to develop issue in appellate brief results in waiver under Pa. R.A.P. 2119(a)); *In re Estate of Ryerss*, 987 A.2d 1231, 1236 n.7 (Pa. Cmwlth. 2009) (holding that arguments not properly developed in an appellate brief will be deemed waived by this Court under Pa. R.A.P. 2119(a)); *Siegfried v. Borough of Wilson*, 695 A.2d 892, 894 (Pa. Cmwlth. 1997) ("Rule 302(a) clearly states that issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Pennsylvania courts have consistently applied this rule. The appellate court may *sua sponte* refuse to address an issue raised on appeal that was not raised and preserved below[.]") (citations and footnote omitted); *Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) (holding that the failure to cite pertinent authority results in the waiver of an issue under Pa. R.A.P. 2119(a)).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kimberly Creps Kline, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1296 C.D. 2018 |
| | : | |
| Allegheny County | : | |
| Housing Authority | : | |

# **O R D E R**

AND NOW, this 12<u>th</u> day of <u>July</u>, 2019, the order of the Allegheny County Court of Common Pleas dated August 22, 2018, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge