# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania State System of    :
Higher Education,    :
            Petitioner    :
    :
            v.    :   No. 1203 C.D. 2015
    :   Argued: March 7, 2016
The Fairness Center,    :
            Respondent    :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED: March 30, 2016**


        The Pennsylvania State System of Higher Education (PASSHE) petitions for review of the final determination of the Office of Open Records (OOR) granting in part and denying in part the Fairness Center's request made pursuant to the Right-to-Know Law (RTKL).[1]  In this case, we specifically consider the applicability of the personal identification information exemption to the individually-issued e-mail addresses that the Fairness Center sought for all

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

PASSHE faculty and coaches for the 2014/2015 academic year.[2]  For the reasons that follow, we affirm.

In its April 2015 request, the Fairness Center requested that PASSHE provide it with the names, corresponding e-mail addresses, titles and institutions of employment for all PASSHE faculty and coaches for the 2014/2015 academic year.[3]  In response, PASSHE disclosed a list of names, titles and institutions of employment for all of its faculty and coaches.  It did not, however, disclose individually-issued e-mail addresses, claiming that those were exempt from public access as personal e-mail addresses under Section 708(b)(6)(i)(A) of the RTKL, 65 P.S. § 67.708(b)(6)(i)(A).  The Fairness Center appealed to the OOR, challenging PASSHE's denial of access.  Noting that the appeal was limited to the withheld e-mail addresses, the OOR held that PASSHE was required to release any agency-issued e-mail addresses that were held out to the public as places where faculty and coaches could be contacted, but could withhold any secondary agency-issued personal e-mail addresses that were not held out to the public or publically accessible.  OOR's June 17, 2015 Determination at 5; Reproduced Record (R.R.) at 202a.  PASSHE's petition for review followed.[4]

Pursuant to Section 102 of the RTKL, 65 P.S. § 67.102, an agency is required to provide any citizen access to any "public record" that is not (a) exempt

---

[2] Section 708(b)(6)(i)(A) of the RTKL, referred to as the personal identification information exemption, exempts from disclosure, in part, the following:  "[a] record containing all or part of a person's Social Security number, driver's license number, personal financial information, home cellular or personal telephone numbers, *personal e-mail addresses*, employee number or other confidential personal identification number."  65 P.S. § 67.708(b)(6)(i)(A) (emphasis added).

[3] The Fairness Center's April 3, 2015 Request at 1; Reproduced Record (R.R.) at 8a.

[4] Our review of a question of law under the RTKL is plenary.  *Stein v. Plymouth Twp.*, 994 A.2d 1179, 1181 n.4 (Pa. Cmwlth. 2010).

2

from disclosure under Section 708 of the RTKL or any other federal or state law or regulation or judicial order or decree, or (b) protected by some privilege. The "Exceptions for public records" provision, found in Section 708(a)(1) of the RTKL, 65 P.S. § 67.708(a)(1), places the burden on the agency to prove by a preponderance of the evidence that a particular record is exempt from public access.[5] *Delaware County v. Schaefer ex rel. Phila. Inquirer*, 45 A.3d 1149, 1152 (Pa. Cmwlth. 2012). Exemptions from disclosure must be narrowly construed, "[a]s the Law is remedial legislation designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions. . . ." *Bowling v. Office of Open Records*, 990 A.2d 813, 824 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453 (2013). *See also Hous. Auth. of the City of Pittsburgh v. Van Osdol*, 40 A.3d 209, 215 (Pa. Cmwlth. 2012).

On appeal, PASSHE argues that agency-issued e-mail addresses for its faculty and coaches are all personal and not subject to disclosure, regardless of whether those addresses are primary or secondary in nature. To the contrary, we conclude that the OOR correctly determined that the e-mail addresses at issue could be divided into two categories: those e-mail addresses that were not held out to the public or publically accessible and those that were held out to the public as places where faculty and coaches could be contacted. As OOR held and consistent with our case law applying the personal identification information exemption to agency-issued e-mail addresses, we agree with that differentiation and with OOR's

---

[5] A preponderance of evidence is such proof as leads the fact finder to find that the existence of a contested fact is more probable than its nonexistence. *Pa. State Troopers Ass'n v. Scolforo*, 18 A.3d 435, 439 (Pa. Cmwlth. 2011).

determination that the former type of e-mail addresses should be protected from disclosure and the latter should be subject to disclosure.

In *Office of Lieutenant Governor v. Mohn*, 67 A.3d 123 (Pa. Cmwlth. 2013), the requester, in pertinent part, sought all of the agency-issued e-mail addresses for the Lieutenant Governor. The Office of Lieutenant Governor provided the government-issued email addresses that were held out to the public as e-mail addresses where the individuals could be contacted, but denied the request to the extent that it sought additional personal e-mail addresses used to communicate with other agency officials. On appeal, the OOR granted access to all of the agency-issued e-mail addresses for the Lieutenant Governor. This Court determined on further appeal, however, that the government-issued, "personal" e-mail address for the Lieutenant Governor fell within the personal identification information exemption. In that regard, we held as follows:

> While the secondary e-mail address in question is used to conduct agency business, it still falls within Section 708(b)(6)(i)(A) of the RTKL's exemption of "a record containing all or part of a person's . . . personal e-mail address" because, even though it is being used to transact public business, nonetheless, it is still personal to that person.

*Id*. at 133. *See also Office of the Governor v. Raffle*, 65 A.3d 1105, 1111 (Pa. Cmwlth. 2013) (holding that Governor's Office was not required to disclose agency-issued cellular or personal telephone numbers for thirty-nine employees because "the fact that government business may be discussed over an employee's government-issued personal cellular telephone does not make that telephone any less 'personal' within the meaning of the RTKL").[6]

---

[6] In addition, in *Department of Public Welfare v. Clofine*, (Pa. Cmwlth., No. 706 C.D. 2013, filed February 20, 2014), *appeal denied*, 99 A.3d 927 (Pa. 2014), this Court held that agency-
**(Footnote continued on next page…)**

4

In differentiating between the different e-mail addresses at issue for the Lieutenant Governor in *Mohn*, we considered how we have previously defined the term "personal identification information." In that regard, although there is no definition in the RTKL for "personal identification information," this Court has defined it as follows:

> [I]nformation that is unique to a particular individual or which may be used to identify or isolate an individual from the general population. It is information which is specific to the individual, not shared in common with others; that which makes the individual distinguishable from another.

*Mohn*, 67 A.3d at 133 (quoting *Schaefer*, 45 A.3d at 1153).

Accordingly, as evidenced by our recent decisions interpreting what constitutes personal identification information and whether certain information should be exempted from disclosure, the fact that an agency has issued a cellular phone, a land-line telephone number, or an e-mail address does not necessarily mean that identifying information related thereto is automatically subject to disclosure. In addition, the fact that a device is being used to conduct business does not guarantee that identifying information related thereto is subject to disclosure. In other words, the agency's issuance and the individual's use are not

_____

**(continued…)**

issued direct-dial telephone numbers and e-mail addresses for Adams County Assistance Office income maintenance caseworkers were protected from disclosure under Section 708(b)(6)(i)(A) of the RTKL because they met the definition of "personal identification information" as previously interpreted by this Court. Specifically, we held that, regardless of whether the agency-issued e-mail addresses or phone numbers at issue were used to conduct agency business, the requested data constituted "information that is unique to a particular individual," "information which may be used to identify or isolate an individual from the general population," or "information which is specific to the individual, not shared in common with others; that which makes the individual distinguishable from another." *Id.*, slip op. at 6-7.

5

solely determinative of whether the related identifying information should be subject to disclosure.

Finally, our result is consistent with the edict that exemptions from disclosure must be narrowly construed due to the RTKL's remedial nature. *See Van Osdol*, 40 A.3d at 215. In any event, as we held in *Mohn* regarding the non-disclosure of the secondary e-mail address therein at issue: "[O]ther than the identification of the e-mail address in question, a requester would [still] clearly have the ability to request e-mails from that account under the RTKL, provided that [the e-mails] were not exempt from disclosure."[7] 67 A.3d at 134.

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[7] In addition, in order for an e-mail from a government e-mail account to be a public record and potentially subject to disclosure, it would have to, *inter alia*, "document a 'transaction or activity of the agency[.]'" *Pa. Office of Attorney Gen. v. The Phila. Inquirer*, 127 A.3d 57, 62 (Pa. Cmwlth. 2015).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania State System of : 
Higher Education, : 
              Petitioner : 
                   : 
           v. :   No. 1203 C.D. 2015
                   : 
The Fairness Center, : 
              Respondent : 

## O R D E R

AND NOW, this 30th day of March, 2016, the final determination of the Office of Open Records is hereby AFFIRMED.

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge