IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwight Bowen,                              :
                          Petitioner      :
                                          :
            v.                            :  No. 1149 C.D. 2020
                                          :  Submitted: April 9, 2021
Department of Corrections                 :
(Office of Open Records),                 :
                          Respondent      :


BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                          FILED: July 21, 2021


            Dwight Bowen (Bowen), pro se, petitions for review of the October 22, 2020 Final Determination of the Office of Open Records (OOR) denying his appeal from the Department of Corrections' (DOC) denial of his Right-to-Know Law[1] (RTKL) request seeking records showing

> when Kiosk Pin [personal identification number (PIN)] # [redacted] was activated and deactivated from 1-1-19 to present. The number of times this # [redacted] was deactivated and the dates also all the pin # [redacted] have been used since 1-1-19 and the times and dates new pin # [redacted] was activated under state # FR6891 and all history of access for Bowen FR6981 since 1-1-18 to present.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

OOR Final Determination, 10/22/20 at 1. For the following reasons, we affirm the Final Determination of the OOR.

## I. Background and Procedural History

On May 3, 2020, Bowen filed the aforementioned RTKL request with DOC. In a letter dated June 22, 2020, DOC acknowledged receipt of Bowen's request on May 6, 2020. In its June 22, 2020 letter to Bowen, DOC explained that it was denying his request because (1) the records he was requesting fall within the personal security exemption of the RTKL, Section 708(b)(1)(ii) of the RTKL, 65 P.S. §67.708(b)(1)(ii);[2] (2) the RTKL excludes records maintained by an agency in connection with law enforcement or other public safety activity that, if disclosed, would be reasonably likely to jeopardize or threaten public safety or preparedness or a public protection activity, Section 708(b)(2) of the RTKL, 65 P.S. §67.708(b)(2);[3] (3) the RTKL exempts personal information from disclosure,

---

[2] Section 708 (b)(1)(ii) of the RTKL, 65 P.S. §67.708(b)(1)(ii), states:

(b) Exceptions.--Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:

(1) A record, the disclosure of which:

. . . .

(ii) would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual.

[3] Section 708(b)(2) of the RTKL, 65 P.S. §67.708(b)(2), states:

(b) Exceptions.--Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:

. . . .

(2) A record maintained by an agency in connection with the military, homeland security, national defense, law enforcement or other public safety activity that, if disclosed, would be reasonably likely to jeopardize or threaten public safety or

**(Footnote continued on next page…)**

Section 708(b)(6) of the RTKL, 65 P.S. §67.708(b)(6)(i)(A),[4] and (4) the RTKL is a process to access public records only, Section 301 of the RTKL, 65 P.S. §67.301,[5] and Section 102 of the RTKL, 65 P.S. §67.102.[6]

On July 14, 2020, Bowen appealed DOC's denial of his RTKL request to the OOR, arguing that the reasons for the denial did not pertain to his request, primarily because the information he was seeking related only to him and would not

---

preparedness or public protection activity or a record that is designated classified by an appropriate Federal or State military authority.

[4] Section 708(b)(6)(i)(A) of the RTKL, 65 P.S. §67.708(b)(6)(i)(A), states:

    (b) Exceptions.--Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:
    . . . .
    (6) (i) The following personal identification information: (A) A record containing all or part of a person's Social Security number, driver's license number, personal financial information, home, cellular or personal telephone numbers, personal e-mail addresses, employee number or other confidential personal identification number . . . .

[5] Section 301 of the RTKL, 65 P.S. §67.301, states:

(a)    Requirement.--A Commonwealth agency shall provide **public records** in accordance with this act.
(b)    Prohibition.--A Commonwealth agency may not deny a requester access to a **public record** due to the intended use of the **public record** by the requester unless otherwise provided by law.

(Emphasis added.)

[6] Section 102 of the RTKL, 65 P.S. §67.102, states:

    "Public record." A record, including a financial record, of a Commonwealth or local agency that: (1) is not exempt under section 708; (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or (3) is not protected by a privilege.

3

cause any risk of personal harm or threat to public safety. He further asserted that the same records were provided by DOC to the relevant district attorney's office as part of a criminal matter in which he was, or is, the defendant. Accordingly, Bowen contended that he was entitled to the records, per the Fourteenth Amendment to the United States Constitution[7] and per case law established in *Brady v. Maryland*.[8]

The OOR considered Bowen's request and the written arguments of the parties,[9] including the declaration of Kenneth Goodman, Deputy of DOC's Bureau of Facility Security and Special Operations, who stated that DOC's kiosks[10] are set up with user PINs and that "public disclosure of information by anyone, to anyone that is associated with an individual's PIN is reasonably likely to result in physical harm or otherwise jeopardize the personal security of inmates, staff or others." Declaration of Deputy Kenneth Goodman, 7/28/2020, at 1. In his declaration, Deputy Goodman continued:

> 8.    Assuming and [sic] inmate could request PIN[-]protected information regarding any inmate, the dissemination of this information will jeopardize prison security by providing inmates with information they otherwise thought was PIN[-]protected. Such information might upset inmates and will allow inmates to retaliate against other inmates or [DOC] employees.

---

[7] U.S. Const. amend. XIV.

[8] *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[S]uppression by [the] prosecution of evidence favorable to an accused upon request violates due process where evidence is material either to guilt or to punishment, irrespective of good faith or bad faith of [the] prosecution.").

[9] The parties did not request a hearing, and the OOR did not exercise its discretion to hold a hearing in this matter.

[10] The record is not clear as to the specific use of the kiosk or kiosks at issue here.

9.  Violent attacks are always a real danger in the prison context and violent retaliation will result in [sic] disclosure of PIN protected information.

10.  The disclosure of the requested PIN protected information would threaten public safety and the [DOC's] public protection activities in maintaining safe and secure correctional institutions by allowing inmates or others to access information that will interfere with . . . orderly operation . . . .

11.  For the foregoing reasons, the disclosure of the requested PIN protected information is reasonably likely to result in a substantial and demonstrable risk of physical harm to the inmates, officers and others present in correctional settings.

Declaration of Deputy Kenneth Goodman, 7/28/2020, at 2-3.

DOC submitted a supplemental declaration from Deputy Goodman dated September 23, 2020.  In his supplemental declaration, Deputy Goodman stated:

4.  The [PIN] is a security measure that accompanies security questions relating to that individuals [sic] access to the kiosk.  In short, the PIN is the equivalent of a password and is confidential to that individual person (inmate).

5.  There is a very real security threat in providing transactional information relating to when an inmate accessed or did not access the kiosk, as that information is personal in nature and can be used to ascertain when and where an inmate was on a specific date and time, amount of time spent utilizing the kiosk and a host of other seemingly innocuous events that have significantly more significance, and pose a higher risk of violent behavior in a prison setting.

Declaration of Deputy Kenneth Goodman, 9/23/2020, at 1-2.

In its October 22, 2020 Final Determination, the OOR stated that it "finds credible the professional opinion of individuals assessing the risks of security and will not substitute its judgment for that of those with far more familiarity with

5

issues involving personal security." OOR Final Determination, 10/22/2020, at 5 (citing *Knauss v. Unionville-Chadds Ford Sch. Dist.*, OOR Dkt. AP 2009-0332, 2009 O.O.R.D. LEXIS 238 (Pa. OOR 2009)). Further, OOR noted that "[u]nder the RTKL, a sworn affidavit or statement made under the penalty of perjury may serve as sufficient evidentiary support." OOR Final Determination, 10/22/20 at 6 (citing *Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515 (Pa. Cmwlth. 2011), and *Moore v. Off. of Open Recs.*, 992 A.2d 907 (Pa Cmwlth. 2010)).

In addition, the OOR determined that, while Bowen asserted that disclosure of the requested information "would not threaten personal or public safety because the information relates to him . . . , [] the identity of the requester is not relevant to the determination of the public status of a record." OOR Final Determination, 10/22/20, at 6 (citing *DiMartino v. Pa. State Police* (Pa. Cmwlth., No. 340 C.D. 2011, filed Sept. 19, 2011), 2011 WL 10841570; and *Wheelock v. Pa. Dep't of Corr.*, OOR Dkt. AP 2009-0997, 2009 PA O.O.R.D. LEXIS 725 (Pa. OOR 2009), (the only information available under the RTKL is a public record that is available to all citizens regardless of personal stake in the information)).

The OOR denied Bowen's appeal, stating that

> [DOC] has met its burden of proving that disclosure of the requested PIN information 'would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual,' including [DOC] staff and inmates, because of the potential for retaliation against staff members, inmates, or the [r]equester, himself, given the information contained in the record and the prison's unique setting.

6

OOR Final Determination, 10/22/20, at 7. Bowen petitions this Court for review of the OOR's Final Determination.[11]

## II.    Arguments

### A. Bowen's Arguments

At their essence, Bowen's arguments to this Court reflect the same themes as his argument to the OOR. He argues that the information he is seeking does not present a threat to state correctional institution security, that the information is attached to his own kiosk PIN numbers, that the information he seeks is necessary to his defense in a criminal matter, and that he is in solitary confinement for an indefinite period of time, and, thus, is not in any danger. Accordingly, he asks this Court to set aside the determination of the OOR and to direct DOC to provide him with the information he seeks through his RTKL request.

### B.  DOC's Arguments

Similar to Bowen, DOC reiterates its earlier position before the OOR, arguing that a requester, under the RTKL, is not entitled to records which, if released, pose a personal security threat, regardless of the identity of the requester. DOC reiterates that "the responsive document . . . is still problematic from a security perspective. Under [][Section] 301(b) of the [RTKL],[12] the identity and motivation of the request[er] is irrelevant. With that understanding, it is equally irrelevant that

---

[11] This Court has *de novo* review of a final determination of the OOR. Under the RTKL, the reviewing court in its appellate jurisdiction independently reviews the OOR's orders and may substitute its own findings of fact for those of the agency. *Bowling v. Off. of Open Recs.*, 990 A.2d 813 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453 (Pa. 2013). The usual deferential standard of review on appeal from Commonwealth agencies does not apply. *Id*. This Court acts as a trial court and is not limited to the rationale offered in the OOR's written decision. *Id*.

[12] 65 P.S. §67.301(b).

the basis [Bowen] relies upon in his appeal is that the information sought is his own." DOC Br. at 7-8.

Additionally, DOC asserts that Bowen did not specifically use the terms "kiosk" or "PIN" in his Petition for Review, focusing primarily on his request for records in light of his legal counsel's withdrawal from his criminal defense. Thus, DOC asserts it is unable to specifically address Bowen's issues on appeal because he "appears to be addressing some other grievance [he] might have, and the Brief in Support of the instant appeal essentially sets forth the argument that because the requested information is his own, then there is no personal security issue." DOC Br. at 7.

Further, DOC notes that this Court has consistently recognized that personal security and issues of public safety are of particular concern in the prison setting. DOC states that "Section 708(b)(2) of the RTKL exempts records maintained by an agency in connection with . . . law enforcement or other public safety activity that if disclosed would be reasonably likely to threaten public safety or a public protection activity." DOC Br. at 9 (citing Section 708(b)(2) of the RTKL, 65 P.S. §67.708(b)(2)). DOC acknowledges that it must establish that disclosure of the requested record(s) is reasonably likely to threaten public safety, noting that the declaration of Deputy Goodman does exactly that, and adding that this Court has relied on similar statements from individuals with sufficient knowledge to make such an assertion. To support the argument that this Court has relied on similar statements, DOC cites *Woods v. Office of Open Records*, 998 A.2d 665 (Pa. Cmwlth. 2010) (director of the Pennsylvania Board of Probation and Parole met the agency's burden by explaining how certain records might be used by a sex offender to circumvent parole supervision procedures and practices), and *Adams v.*

8

*Pennsylvania State Police*, 51 A.3d 322 (Pa. Cmwlth. 2012), in which we determined that an affidavit was sufficient to find training materials regarding the use of confidential informants were protected by Section 708(b)(2) of the RTKL, 65 P.S. §67.708(b)(2).

In addition, DOC argues that "disclosure of [] inmate information relating to the PIN would undermine [its] efforts of maintaining institutional order and security because [disclosure] represent[s] [] a breach of each inmate's expectation that [his] PIN use is not shared with other inmates." DOC Br. at 10-11.

DOC notes that "[t]o meet the personal security exemption [of the RTKL], an agency must show by [a] preponderance of the evidence: [] 'a reasonable likelihood' of [] 'substantial and demonstrable risk' to a person's personal security," adding that "[a]n agency can meet its burden through affidavits." DOC Br. at 11 (quoting *Del. Cnty. v. Schaefer ex rel. Phila. Inquirer*, 45 A.3d 1149, 1156 (Pa. Cmwlth. 2012), and citing *Moore*, 992 A.2d 907). DOC argues that the disclosure of the information sought by Bowen, which is accessible only by PIN, would reasonably result in a substantial or demonstrable risk of physical harm to staff and/or the operation of the correctional institution.

For all the foregoing reasons, DOC asks this Court to affirm the Final Determination of the OOR.

### III.    Discussion

Per the RTKL, a "record" includes "[i]nformation, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency." Section 102 of the RTKL, 65 P.S. §67.102. DOC is a Commonwealth agency, and Commonwealth agencies are

required to provide public records to requesters in accordance with the RTKL. The RTKL presumes that a record in the possession of a Commonwealth agency is public, unless one of the exceptions of Section 708(b) of the RTKL, 65 P.S. §67.708(b), applies.

In the instant matter, the OOR determined that Bowen's request met one of the exemptions from disclosure because it "would be reasonably likely to result in a substantial and demonstrable risk of physical harm to[,] or the personal security of[,] an individual," per Section 708(b)(1)(ii) of the RTKL, 65 P.S. §67.708(b)(1)(ii). OOR Final Determination at 7. As we have established in previous opinions regarding RTKL matters, an agency may meet its burden with affidavits, as DOC did here. *See Del. Cnty.*, 45 A.3d 1149; *Moore*, 992 A.2d 907. Issues of safety are of particular concern in a prison setting. Deputy Goodman's statements that transactional information relating to a kiosk could be used to determine when and where an inmate was on a specific date and at a specific time, and thus raise legitimate security and safety concerns, was sufficient to support DOC's denial of Bowen's RTKL request and for the OOR to affirm DOC's denial.

Further, the fact that the records Bowen seeks relate to his own PIN is irrelevant. As this Court opined in *Nanyakkara v. Casella*, 681 A.2d 857, 859 (Pa. Cmwlth. 1996), "[a] prisoner making a request for his inmate records under the Right-to-Know Act[13] is not granted any special access merely because he or she is the subject of the records. Rather, his right to those records is not more or less than that of any Pennsylvania citizen." Even though *Nanyakkara* was decided under an earlier version of the Commonwealth's RTKL, we have noted previously that "the

---

[13] Act of June 21, 1957, P.L. 390, *as amended, formerly*, 65 P.S. §§66.1-66.9, repealed by the Act of February 14, 2018, P.L. 6.

10

reasoning is still relevant to the current RTKL." *Boyd v. Dep't of Corr.* (Pa. Cmwlth., No. 206 C.D. 2012, filed April 5, 2013), slip op. at 6, 2013 WL 3970236, at *3.

In sum, the information sought by Bowen was not a public record subject to disclosure because it fell within the public safety exception of the RTKL. Further, it is irrelevant that the requested information was related to Bowen's own assigned PIN. Accordingly, the OOR did not err by affirming DOC's denial of Bowen's RTKL request.

## IV. Conclusion

For the foregoing reasons, we affirm the October 22, 2020 Final Determination of the OOR in this matter.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwight Bowen,                 :
            Petitioner    :
                          :
        v.                  :   No. 1149 C.D. 2020
                          :
Department of Corrections    :
(Office of Open Records),      :
           Respondent : 

**O R D E R**

**AND NOW**, this 21st day of July 2021, the October 22, 2020 Final Determination of the Office of Open Records is **AFFIRMED**.

_____
J. ANDREW CROMPTON, Judge